**D. Michael Dale**, OSB 771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

**Meg Heaton**, OSB 052780
meg@nwjp.org
Northwest Workers' Justice Project
917 S.W. Oak Street, Suite 426
Portland, OR 97205-2837
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **Porfirio Pineda-Marin, Margarito Camacho-Oliva, Catalino Morga-Colon, and Felipe Rojo-Garcia,** | Case No.: |
| **Plaintiffs,** | **COMPLAINT** |
| **v.** | |
| **Classic Painting Inc. d/b/a Pro Classic Coatings, an Oregon corporation; Geoffrey Edmonds, individually; Pro Kote Inc., an Oregon corporation; Pro Kote LLC, an Oregon limited liability company; SherwinThingvold, individually; and Sheldon Thingvold, individually,** | **Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*)** **Oregon Wage and Hour Laws** **Breach of Contract** |
| | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

## PRELIMINARY STATEMENT

1.      Porfirio Pineda-Marin ("Mr. Pineda"), Margarito Camacho-Oliva ("Mr.

**COMPLAINT**                                                                                    **Page 1**

Camacho"), Catalino Morga-Colon ("Mr. Morga"), and Felipe Rojo-Garcia ("Mr. Rojo") (collectively, "Plaintiffs") bring this action against Classic Painting Inc. d/b/a Pro Classic Coatings,  Geoffrey Edmonds, Pro Kote Inc., Pro Kote LLC,  Sherwin Thingvold and Sheldon Thingvold (collectively, "Defendants") under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., for unpaid wages. Specifically, Plaintiffs seek wages due to them under the FLSA, 29 U.S.C. §§ 206, 207 and 216(b), and liquidated damages for failure to pay wages under 29 U.S.C. § 216(b).

2.      Plaintiffs also bring this action for unpaid wages and penalty damages under Oregon statutes (ORS 652.140, 652.150, 652.200, 653.025, 653.261, and 653.055) and applicable administrative regulations (OAR 839-001-0420, 839-001-0470, 839-020-0010, and 839-020-0030) for unpaid wages.

3.      Plaintiffs also bring this action for breach of contract for Defendants' failure to pay them the agreed upon wage for all the work they performed for Defendants.

## JURISDICTION

4.      Jurisdiction for minimum and overtime wage claims exists under the FLSA, 29 U.S.C. § 216(b). Jurisdiction also exists under 28 U.S.C. § 1337 for claims arising under a federal statute regulating commerce.

5.      The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Oregon state claims because the state claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

6.      Mr. Pineda was employed by Defendants between June 20, 2005 and February 10, 2008.

7.      Mr. Camacho was employed by Defendants between June 20, 2005 and February

**COMPLAINT**                                                                                   **Page 2**

10, 2008.

8.      Mr. Morga was employed by Defendants between June 20, 2005 and February 10, 2008.

9.      Mr. Rojo was employed by Defendants between June 20, 2005 and February 10, 2008.

10.     At all material times Geoffrey Edmonds ("Mr. Edmonds") was the sole proprietor and manager of Classic Painting Inc. d/b/a Pro Classic Coatings ("Classic") and managed its employment of Plaintiffs.

11.     At all material times Classic operated a painting business, including employment of Plaintiffs, in the state of Oregon. Classic is an Oregon corporation.

12.     At all material times Mr. Edmonds and Classic employed Plaintiffs jointly.

13.     At all material times Sherwin Thingvold and Sheldon Thingvold were the proprietors and managers of Pro Kote Inc. ("Pro Kote") and managed its employment of Plaintiffs.

14.     At all material times Pro Kote conducted a painting business in the state of Oregon, including the employment of Plaintiffs. Pro Kote is an Oregon corporation.

15.     At all material times Sherwin Thingvold, Sheldon Thingvold and Pro Kote employed Plaintiffs jointly.

16.     At all material times Classic and Pro Kote employed Plaintiffs jointly.

## FACTS

17.     Defendants employed Plaintiffs during the period June 20, 2005 through February 10, 2008.

18.     Plaintiffs performed painting for Defendants within the state of Oregon.

19.     Plaintiffs were engaged in interstate commerce and in handling materials in interstate commerce.

**COMPLAINT**                                                                                        **Page 3**

20.    Defendants agreed to pay Mr. Pineda $14.00 per hour for work performed June 20, 2005 through April 2006, and $15.00 per hour for work performed thereafter.

21.    Mr. Pineda worked a total of 2,192 hours during June 20, 2005 through April 30, 2006, including 474 hours of overtime.

22.    Mr. Pineda worked a total of 3,457.5 hours during May 1, 2006 through February 10, 2008, including 520 hours of overtime.

23.    Defendants agreed to pay Mr. Camacho at rates ranging from $12.00 to $14.10 per hour for work performed June 20, 2006 through January 31, 2006, and at $13.00 per hour for work performed thereafter.

24.    Mr. Camacho worked a total of 6,091 hours during June 20, 2005 through February 10, 2008, including 998.5 hours of overtime.

25.    Defendants agreed to pay Mr. Morga at rates ranging from $12.00 to $13.08 per hour for work performed June 20, 2006 through September 30, 2005, and at $13.00 per hour for work performed thereafter.

26.    Mr. Morga worked a total of 5,551 hours during June 20, 2005 through February 10, 2008, including 706.5 hours of overtime.

27.    Defendants agreed to pay Mr. Rojo $10.00 per hour for work performed June 20, 2005, through February 10, 2008.

28.    Mr. Rojo worked a total of approximately 5,056 hours during June 20, 2005 through February 10, 2008, including approximately 1,056 hours of overtime.

29.    Defendants did not pay the Oregon or federal minimum wage to Plaintiffs for work performed during December 17, 2007, through February 10, 2008.

**COMPLAINT**                                                                                              **Page 4**

30.    Mr. Pineda worked a total of 130 hours during December 17, 2007, through February 10, 2008.

31.    Mr. Camacho worked a total of 133 hours during December 17, 2007, through February 10, 2008.

32.    Mr. Morga worked a total of 141 hours during December 17, 2007, through February 10, 2008.

33.    Mr. Roja worked a total of approximately 135 hours during December 17, 2007, through February 10, 2008.

34.    Defendants knew that they were not paying the Oregon or federal minimum wage to Plaintiffs and did so deliberately and willfully.

35.    During their employment, Plaintiffs regularly worked more than forty hours in a workweek.

36.    Defendants did not pay overtime wages at a rate one and one-half times the regular hourly rate to Plaintiffs for any workweek they were employed by Defendants.

37.    Defendants knew that they were not paying overtime wages to Plaintiffs, and did so deliberately and willfully.

38.    Defendants did not pay Plaintiffs' wages within five days of  the termination of their employment.

39.    Plaintiffs have had to retain the services of an attorney to pursue their claims against Defendants.  Plaintiffs are entitled to recover their costs, including reasonable attorney fees, pursuant to 29 U.S.C. § 216(b), ORS 652.200 and ORS 653.055.

40.    Defendants breached their contract with Plaintiffs by failing to pay them the agreed upon rate for every hour of work that they completed for Defendants.

41.    Defendants owe Plaintiffs unpaid wages for work performed June 20, 2005 through February 10, 2008.

**COMPLAINT**                                                                                              **Page 5**

## CLAIMS FOR RELIEF

### (First Claim—Violation of FLSA)

42.     Under the FLSA, 29 U.S.C. § 201 *et seq.* at § 207, Defendants are required to pay Plaintiffs overtime wages at a rate one and one-half times the regular hourly rate for time worked in excess of forty hours per week.

43.     Under 29 U.S.C. § 206, Defendants are required to pay Plaintiff the federal minimum wage.

44.     Under 29 U.S.C. § 216(b), Defendants owe Plaintiffs unpaid wages and an amount equal to the unpaid wages as liquidated damages.

45.     Plaintiffs are entitled to costs and reasonable attorney fees, in an amount to be determined at trial, pursuant to 29 U.S.C. § 216(b).

### (Second Claim—Violation of Oregon Wage and Hour Laws)

46.     Oregon Wage and Hour Law ORS 653.261 and OAR 839-020-0030 require Defendants to pay Plaintiffs time and a half for time worked in excess of forty hours per week.

47.     Oregon Wage and Hour Law ORS 653.025 and OAR 839-020-0010 require Defendants to pay Plaintiffs at least the state minimum wage.

48.     Plaintiffs seek relief pursuant to ORS 653.055, which states that an employer who violates ORS 653.261 or 653.025 is liable for unpaid wages, statutory damages equal to 240 times their hourly wage and reasonable attorney fees.

### (Third Claim—Violation of Oregon Wage and Hour Laws)

49.     Oregon Wage and Hour Law ORS 652.140 and OAR 839-001-0420 provide that all wages that have been earned but not paid become due and payable no later than at the next regularly scheduled payday after employment has terminated, or earlier if the employee was discharged or terminated by mutual agreement.

50.     Under ORS 652.140 and OAR 839-001-0420, Defendants owe Plaintiffs unpaid wages.

**COMPLAINT**                                                                                     **Page 6**

51.     Plaintiffs seek relief pursuant to ORS 652.150, which states that an employer who violates ORS 652.140 is liable for unpaid wages, statutory damages equal to 240 times their hourly wage and reasonable attorney fees.

**(Fourth Claim for Relief—Breach of Contract)**

52.     Oregon common law requires fulfillment of a contract entered into by two willing parties.

53.     Plaintiffs are entitled to damages incurred as a result of Defendants' breach of their employment contracts with Plaintiffs.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment as follows:

1.      Declare that Defendants violated the Fair Labor Standards Act and applicable Oregon law by failing to pay overtime wages as alleged;

2.      Declare that Defendants breached their employment contract with Plaintiffs by failing to pay Plaintiffs the agreed upon hourly rate for all work that Plaintiffs performed for Defendants;

3.      Award Plaintiffs the amount due as a result of Defendants' failure to pay overtime wages due under the FLSA, and an equal amount in liquidated damages;

4.      Award Plaintiffs the amount due as a result of Defendants' failure to pay minimum wages due under the FLSA, and an equal amount in liquidated damages;

5.      Award Plaintiffs the amount due as a result of Defendants' failure to pay state overtime wages, state minimum wages and an additional amount equal to 240 times Plaintiffs' hourly wage;

6.      Award Plaintiffs the amount due as a result of Defendants' failure to pay wages promptly and an additional amount equal to 240 times Plaintiffs' hourly wage;

7.      Award Plaintiffs the amount due as a result of Defendants' breach of their

employment contract with Plaintiffs;

      8.      Award Plaintiffs the cost of maintaining this suit, including their reasonable

attorney fees; and

      9.      Grant such other relief as this Court deems just and proper.


Dated this 2nd day of July, 2008.


            /s/ Meg Heaton
            **MEG HEATON**
            OSB # 05-2780
            [503] 525-8454
            Of Attorneys for Plaintiffs